An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IDO IZKOVICH,
Appellant,
vs.
WELLS FARGO BANK, N.A.; AND
QUALITY LOAN SERVICE
CORPORATION,
Respondents.

No. 60024

**FILED**

FEB 15 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge.

After an unsuccessful mediation within the FMP, the presiding mediator issued a mediator's statement noting no deficiencies. Appellant filed a petition for judicial review in the district court, alleging that respondents acted in bad faith and lacked authority to negotiate in refusing to offer a loan modification. The district court held a hearing on the petition and issued an order denying the petition for judicial review. This appeal followed.

This court reviews a district court's factual determinations deferentially, Ogawa v. Ogawa, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that a "district court's factual findings . . . are given deference and will be upheld if not clearly erroneous and if supported by substantial evidence"), and its legal determinations de novo. Clark County v. Sun State Properties, 119 Nev. 329, 334, 72 P.3d 954, 957 (2003). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person

present with authority to modify the loan or access to such a person. NRS 107.086(4) and (5); Leyva v. National Default Servicing Corp., 127 Nev. ___, ___, 255 P.3d 1275, 1279 (2011). If the district court finds noncompliance, an FMP certificate must not issue. Holt v. Regional Trustee Services Corp., 127 Nev. ___, ___, 266 P.3d 602, 607 (2011). Absent factual or legal error, the choice of sanction in an FMP judicial review proceeding is committed to the sound discretion of the district court. Pasillas v. HSBC Bank USA, 127 Nev. ___, ___, 255 P.3d 1281, 1287 (2011).

On appeal, appellant contends that respondents negotiated in bad faith by failing to provide a copy of the pooling and servicing agreement, which had restricted respondents' ability to offer a modification. The pooling and servicing agreement is not a required document under NRS 107.086 or the FMR. At the time of the underlying mediation, no specific document showing authority was required. See FMR 11(7)(c) (requiring a representative to produce the agreement that authorizes representation at the mediation, effective January 1, 2013). Thus, the district court did not abuse its discretion in ruling that the disclosure of the pooling and servicing agreement was not required to demonstrate good faith.

Appellant further argues that respondents' refusal to offer a modification demonstrated a lack of authority and bad faith participation. Within the FMP, lenders, such as respondents, may not be able to modify every loan due to economic considerations. Here, based on the record on appeal and the arguments of the parties, we conclude that the district court properly found that respondents' refusal to offer a modification was a business decision made based on sound economic considerations. Thus, unlike Pasillas where that beneficiary's representative needed additional

authority to consider a modification, here, respondents' representative had sufficient authority, and the refusal to modify was not a manifestation of bad faith. See Pasillas, 127 Nev. at ___, 255 P.3d at 1286.

Thus, we conclude that the district court properly conducted its de novo review when it found that respondents negotiated in good faith, and properly ordered an FMP certificate to issue,[1] and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Eighth Judicial District Court Dept. 14
        Law Office of Timothy P. Thomas, LLC
        McCarthy & Holthus, LLP/Las Vegas
        Eighth District Court Clerk

---

[1]For the first time on appeal, appellant also contends that respondents failed to provide all required documents under NRS 107.086(4). We conclude that appellant failed to preserve this issue for our consideration on appeal. See Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").